# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | | |
|---|---|---|
| **TAMMY FABIAN** | § | |
| | § | |
| **V.** | § | |
| | § | **A-11-CA-606  LY** |
| **MICHAEL J. ASTRUE,** | § | |
| **COMMISSIONER OF THE** | § | |
| **SOCIAL SECURITY ADMINISTRATION** | § | |

## ORDER

Before the Court is the Defendant's Motion to Dismiss for Failing to Exhaust Administrative Remedies. Clerk's Doc. No. 17. In the motion, the Defendant provides the following chronology of the events related to Fabian's application for social security benefits:

| | |
|---|---|
| March 8, 2006: | Fabian filed an application for childhood disability insurance, which the agency denied initially and on reconsideration. |
| January 25, 2008: | An administrative law judge (ALJ) denied her application. |
| February 13, 2009: | The Appeals Council remanded the case to an ALJ for further review. |
| November 17, 2009: | An ALJ again found Fabian not disabled. |
| December 19, 2009: | Fabian requested review from the Appeals Council. |
| July 18, 2011: | Fabian filed the instant case in federal court. |

Thus, based on the information before the Court, the case is presently pending before the Appeals Council, where it apparently has been under consideration for more than two years.

As Fabian's appeal is currently pending, she has not yet exhausted the administrative remedies available to her before the Social Security Administration. Under 42 U.S.C. § 405(g), a claimant must first exhaust the administrative remedies before requesting judicial review. However, an exception to the exhaustion requirement exists where the petitioner demonstrates "extraordinary circumstances," such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994).

The Supreme Court has also endorsed exceptions to the doctrines of ripeness and exceptions to permit early review "when, for example, the legal question is 'fit' for resolution and delay means hardship." *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 12–13 (2000).

Fabian first filed for benefits almost six years ago. The Commissioner is cognizant of her path to federal court—he recited it in his motion to dismiss. What the Commissioner fails to acknowledge is the dilatory pace the Commission has taken to resolve the application, and no excuse is offered for why Ms. Fabian's second appeal has been pending for over two years. The justifications for requiring a claimant to first exhaust the administrative remedies only have force if the agency participates in good faith. Otherwise, an agency can neglect to act and then hide behind the exhaustion doctrine to prevent judicial oversight.

The Court HEREBY ORDERS the Commissioner to file an advisory within ten days, detailing the current progress of Fabian's appeal and the reasons for the delay. The Commissioner shall explain why the Court should not find that Fabian's case fits within the exceptions to the exhaustion requirement discussed above, and why Fabian's case should not therefore proceed.

SIGNED this 1st day of February, 2012.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE