IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TAMMY FABIAN | § | |
| | § | |
| | § | |
| V. | § | A-11-CV-606 LY |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are the Commissioner's Motion to Remand to Social Security Administration (Clerk's Doc. No. 33); Tammy Fabian's Response (Clerk's Doc. No. 35); an Advisory to the Court filed by the Commissioner (Clerk's Doc. No. 36); and an Addendum to Fabian's Response (Clerk's Doc. No. 37).

**I. BACKGROUND AND ANALYSIS**

In her Complaint, Tammy Fabian asks for review of the Social Security Administration's denial of her claim for childhood disability benefits. Following a tumultuous series of obstacles, mainly caused by the Defendant's policies and outlined in the undersigned's previous orders,[1] the Defendant now moves the Court to remand this case to the Commissioner of the Social Security

---

[1] *See* Clerk's Doc. Nos. 23, 27.

Administration for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

In reviewing final agency decisions concerning Social Security benefits, a district court may remand a case to the Commissioner only under sentence four or sentence six of 42 U.S.C. § 405(g). *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). Sentence four of § 405(g) provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A remand under sentence six is appropriate if (1) the Commissioner requests a remand prior to answering the complaint, or (2) new, material evidence is adduced that was for good cause not presented in the prior proceeding. *Shalala*, 509 U.S. at 297, n.2. Since the Commissioner has filed an Answer and no new evidence has been presented, sentence six is not applicable to the instant action.

The Defendant submits that the administrative decision in this case found that Fabian's left arm injury sustained when she was two years old was not a severe impairment prior to age 22, but this finding is not consistent with the evidence of record. Not only did the administrative decision contain inconsistencies regarding Fabian's arm injury, but it also rejected Dr. Lester Harrell's psychological examination and medical source statement without identifying other mental health evidence in the record. Therefore, the Defendant requests that the undersigned remand this case to an administrative law judge for rehearing and a new decision.

The Court finds that a sentence four remand under § 405(g) is appropriate in this case in order to ensure that the Commissioner properly considers Fabian's claim of disability. *See Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (finding that district court's remand should have been pursuant to sentence four, where purpose of the remand was to prompt additional fact finding and

further evaluation of the existing facts); *Morris v. Apfel*, 14 F. Supp. 2d 1134, 1135 (D. Neb. 1998) (sentence four remand appropriate where government conceded that remand was necessary to ensure proper consideration of plaintiff's claim, and where Appeals Council failed to address certain medical evidence).

The Court understands Fabian's frustrations over the pace of this process; indeed, it expressed similar frustrations, both in writing and orally at the show cause hearing. Although the delay is aggravating, unfortunately, as a result of the structure of the Social Security laws, the Social Security Administration must be given the first chance to address such issues, and by moving to remand Fabian's case, the Commissioner has acknowledged potential problems with her case and a willingness to address them. After the Court repeatedly expressed its displeasure over the policies contributing to the delay—including an order that the Commissioner file an advisory explaining the delays, and a show cause hearing after the attorney failed to timely notify the undersigned that the Social Security Administration made a final determination—the Court expects that the Commissioner will ensure that Fabian's case will receive appropriate attention and diligence.

Accordingly, the Magistrate Judge RECOMMENDS that the District Court GRANT the Commissioner's Motion to Remand to Social Security Administration (Clerk's Doc. No. 33) and remand this case to the Social Security Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

A district court remanding a case pursuant to sentence four of § 405(g) must enter judgment in the case, and may not retain jurisdiction over the administrative proceedings on remand. *Shalala*, 509 U.S. at 297; *Istre v. Apfel*, 208 F.3d 517, 520-521 (5th Cir. 2000) (a sentence four remand must include a substantive ruling affirming, modifying or reversing the Secretary's decision). Therefore,

the undersigned FURTHER RECOMMENDS that the district judge reverse the Commissioner's decision and enter judgment in this case on behalf of the Plaintiff.

## II. RECOMMENDATION

The undersigned RECOMMENDS that the district judge GRANT the Commissioner's Motion to Remand to Social Security Administration (Clerk's Doc. No. 33) and REMAND this case to the Social Security Commissioner for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Court FURTHER RECOMMENDS that the district judge ENTER JUDGMENT in this case on behalf of the Plaintiff.

## III. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–153 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–30 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is

directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 10th day of July, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE